Benjamin PILARCZYK, Petitioner—Appellant,

v.

Robert AYERS, Warden, Cal Terhune, Respondents—Appellees.

No. 00–16757.

D.C. No. CV–99–03681–WHA.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2001.*

Decided Jan. 3, 2002.

Before KOZINSKI, RYMER and SILVERMAN, Circuit Judges.

MEMORANDUM **

Benjamin Pilarczyk appeals the district court's denial of his § 2254 habeas corpus petition alleging that two evidentiary rulings by the state trial court violated his due process and confrontation clause rights. We affirm.

The state court did not clearly err in holding that exclusion of prior incidents at the station did not render the trial fundamentally unfair. The evidence was neither relevant to a defense nor to the credibility of any witness. *Montana v. Egelhoff,* 518

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. 37, 42, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996).

The state appellate court held that the trial court's refusal to conduct an *in camera* inspection of a witness's otherwise privileged psychological records did not deny petitioner his Sixth Amendment right of confrontation. After conducting an evidentiary hearing, the trial judge found that the witness's visits to a psychologist were unrelated to his testimony. Petitioner has not come forward with clear and convincing evidence to rebut the presumptive correctness of this finding. 28 U.S.C. § 2254(e)(1). Likewise, the state appellate court's holding was not contrary to or an unreasonable application of Supreme Court law. *Williams v. Taylor*, 529 U.S. 362, 402–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring and delivering the opinion of the court).

AFFIRMED

---

\* Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.